IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TODD ANDRA,<br><br>Plaintiff,<br><br>v.<br><br>MOBILEONE, LLC, an Arizona limited liability company,<br><br>Defendant. | MEMORANDUM DECISION & ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE<br><br>Case No. 2:23-cv-00188-JNP<br><br>District Judge Jill N. Parrish |

Through this action, Todd Andra ("Plaintiff" or "Mr. Andra") asserts a series of claims related to the alleged breach of a 2022 employment contract by MobileOne, LLC ("Defendant" or "MobileOne"). Before the court at this time is Defendant's Motion to Transfer Venue, ECF No. 22 ("Motion"), filed pursuant to 28 U.S.C. § 1404(a), through which it argues that Mr. Andra is properly bound by the forum-selection clause of a related contract and thus may not pursue this action in the District of Utah. Because this court concludes that Mr. Andra's claims are not dependent upon the second contract (and are thus unaffected by the forum-selection clause therein), and for the reasons set out below, Defendant's Motion is **DENIED**.

BACKGROUND

This case arises from an employment dispute related to the management of mobile-phone retail stores in Utah, Montana, and Idaho. *See* ECF No. 2 ("Complaint") ¶¶ 8-10. At issue here is whether MobileOne violated its employment agreement with Mr. Andra through a series of

management decisions made by MobileOne upon its acquisition of the retail stores, including the termination of Mr. Andra's employment. *Id.* ¶¶ 34-90.

Two contracts are of concern here. The first is an employment contract ("Employment Agreement") between the Plaintiff and the Defendant that sets out the duration of Mr. Andra's employment, along with his responsibilities, terms for his compensation, provisions regarding proprietary information and non-solicitation, and for-cause termination. *See* Motion, Exh. 1, at 61-64.[1] The employment contract lacks any terms regarding choice of law, venue, or fora for dispute resolution. Mr. Andra pleads that the Employment Agreement is a valid, enforceable agreement. Complaint ¶ 94.

The second contract is the Asset Purchase Agreement ("Asset Purchase Agreement") by and among (i) MobileOne, (ii) The Mobile Source, LLC (the former proprietor of the stores), and (iii) Thomas Andra (Mr. Andra's brother). Mr. Andra pleads that his employment was "a material part of the [Asset Purchase Agreement]" and that his employment contract was appended as Exhibit E to the same. *Id.* ¶ 29. The Asset Purchase Agreement contains an ostensibly mandatory forum-selection clause, providing that the agreement "shall be governed under the laws of the State of California, without regard to conflicts of law, and jurisdiction for any action shall lie exclusively in San Diego County, California." Motion at 3 (citing Asset Purchase Agreement § 11.4). The Asset Purchase Agreement also provides that

> [e]ach of the parties irrevocably consents to the exclusive jurisdiction and venue of the state courts (or if such jurisdiction is not permitted by applicable laws, the federal courts) located in San Diego, California, in connection with any matter based upon or arising out of this Agreement or the transactions contemplated hereby

---

[1] This order refers to and cites the Employment Agreement and Asset Purchase Agreement throughout. Both agreements are attached to Defendant's Motion—the latter as Exhibit 1 to the Motion, and the former as Exhibit E to the Asset Purchase Agreement.

>and agrees that process may be served upon it in any manner authorized by the laws of the State of California for such persons and waives and covenants not to assert or plead any objection which it might otherwise have to such jurisdiction and such process.

*Id.* (citing Asset Purchase Agreement § 11.16). The Asset Purchase Agreement also provides an entitlement to attorneys' fees for prevailing parties in suits "in connection with any of the provisions" of the Asset Purchase Agreement. Complaint ¶ 30 (citing Asset Purchase Agreement § 11.6), which, along with the remainder of the Agreement, is limited by a "No Third-Party Rights" provision, as is discussed below. *See* Asset Purchase Agreement § 11.11.

Mr. Andra's Complaint asserts seven causes of action. Under the First Cause of Action, Mr. Andra asserts breach of contract under § 5.2 of the Employment Agreement. Complaint ¶¶ 93-97. Relatedly, the Second Cause of Action alleges that MobileOne breached the covenant of good faith and fair dealing, including through its alleged breach of the Employment Agreement as pleaded under the First Cause of Action. *Id.* ¶¶ 98-101. Through the Third Cause of Action, Mr. Andra asserts tortious fraud in the inducement of the Employment Agreement. *Id.* ¶¶ 102-105.

Under what is captioned the Fourth Cause of Action, Mr. Andra asserts "Wrongful Termination in Violation of Public Policy" and passingly invokes "Title VII" (i.e., 42 U.S.C. § 2000e *et seq.*) and "the Utah Antidiscrimination Act" (i.e., UTAH CODE ANN. § 34A-5-101 *et seq.*). Complaint ¶¶ 106-110. Under what is captioned the Fifth Cause of Action, Mr. Andra seeks declaratory judgment regarding the nature of the non-solicitation provision of the Employment Agreement. *Id.* ¶¶ 111-17. The Sixth Cause of Action alleges unjust enrichment by MobileOne. *Id.*

¶¶ 118-121. Finally, the Seventh Cause of Action,[2] entitled "Attorneys' Fees," claims an entitlement to attorneys' fees by operation of § 11.6 of the Asset Purchase Agreement, cited above, insofar as Mr. Andra is an intended third-party beneficiary of that agreement. *Id*. ¶¶ 122-28.

At least partly as a result of this citation to § 11.6 of the Asset Purchase Agreement in the Complaint, Defendant MobileOne moved this court to transfer this action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a) by virtue of that agreement's forum-selection clause. However, because "attorneys' fees" is not a cognizable cause of action, this action as pleaded arises only under the Employment Agreement rather than the Asset Purchase Agreement. As a result, the court concludes that the forum-selection clause contained in the Asset Purchase Agreement, to which Mr. Andra is not a signatory, does not define the proper venue for this action. And upon consideration of the traditional elements of venue outlined below, the court concludes that transfer of the case is not in the interests of judicial economy, and therefore **DENIES** Defendant's Motion.

## LEGAL STANDARD

18 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Typically, a motion to transfer under § 1404(a) requires the court to engage in a *forum non conveniens* analysis to determine whether transfer is proper. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). That analysis focuses on "both the

---

[2] It appears that, as a result of scrivener's error, this Cause of Action is erroneously captioned as the Sixth. However, for purposes of this order, the cause of action claiming an entitlement to attorneys' fees will be addressed as the Seventh Cause of Action.

convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 62 (2013). However, a mandatory forum-selection clause "represents the parties' agreement as to the most proper forum," *id.* at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)), and is generally binding in "all but the most exceptional cases." *Id.*

## ANALYSIS

In his opposition to Defendant's Motion, Mr. Andra focuses his argument on his status as a non-signatory to the Asset Purchase Agreement and argues that "mutual assent to the underlying contract should generally be a prerequisite to enforceability of a forum selection clause." ECF No. 25 at 2 (citing *Delta Pegasus Mgmt., L.L.C. v. Netjets Sales, Inc.*, No. 2:21-cv-00393-RJS-DAO, 2022 U.S. Dist. LEXIS 178428, at *3 (D. Utah Sep. 28, 2022)). In its reply, MobileOne argues that "non-signing third [] parties can be bound by a forum selection provision," ECF No. 29 at 2, and, impliedly, that this court ought to adopt the so-called "closely-related-and-foreseeable test" as adopted by some courts. *See* John F. Coyle & Robin J. Effron, *Forum Selection Clauses, Non-Signatories, and Personal Jurisdiction*, 97 NOTRE DAME L. REV. 187, 198 (2021).[3]

In particular, Defendant argues that, because the forum-selection clause refers to "any matter based upon or arising out of this Agreement *or the transactions contemplated*" by the Asset Purchase Agreement, Motion at 22 (emphasis added), disputes concerning Mr. Andra's

---

[3] Defendant cites *Delta Pegasus* for the proposition that the closely-related test ought to bind third-party beneficiaries in this jurisdiction. *See* ECF No. 29 at 4 ("Finally, the Court expressly recognized in *Delta Pegasus* that forum selection provisions had routinely been enforced against third-party beneficiaries."). However, the line from *Delta Pegasus* cited by Defendant for this proposition cuts against its case—there, Judge Shelby discusses how the doctrine is "so vague as to be unworkable" and emphasizes that the Tenth Circuit has declined to adopt such a test for good reason. *Delta Pegasus*, 2022 U.S. Dist. LEXIS 178428, at *25-26.

Employment Agreement are also limited by the Asset Purchase Agreement's forum-selection clause. However, for the reasons described at length in *Delta Pegasus*, this court declines to contravene the "fundamental principle of contract law" that "the terms of a contract are generally enforceable only against those who have agreed to it[.]" *Delta Pegasus*, 2022 U.S. Dist. LEXIS 178428, at *18. "As every first-year law student knows, '[a]n agreement or mutual assent is of course essential to a valid contract.'" *Jacks v. CMH Homes, Inc.*, 856 F.3d 1301, 1304 (10th Cir. 2017) (quoting *Lucy v. Zehmer*, 84 S.E.2d 516, 522 (Va. 1954)).[4] The expansive closely-related test employed by some courts is not properly applied in the Tenth Circuit, and seems to be out-of-step with traditional, black-letter contract law doctrine. Furthermore, the text of the forum-selection clause itself is limited to "the parties," *see* Asset Purchase Agreement at § 11.11,[5] which definitionally excludes Mr. Andra. *See id.* at 1, 29 (defining "Parties" as MobileOne, The Mobile Source, LLC, and Thomas Andra).

Thus, the Asset Purchase Agreement and the Employment Agreement are properly read as independent contracts, and the forum-selection clause agreed to by the parties to the former do not bind the parties to the latter.[6] However, Defendant further argues that, because it would be unfair to allow Mr. Andra "to have it both ways," ECF No. 29 at 2, by availing himself of the attorneys'

---

[4] Indeed, it is axiomatic that *pacta dant legem contractui* ("agreements give law to the contract") and *contractus legem ex conventione accipiunt* ("contracts receive legal validity from the agreement of the parties"). *Legal Maxims*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[5] Consider also the "No Third-Party Rights" provision, at § 11.11 of the Asset Purchase Agreement, under which "[n]othing expressed or referred to" in the Asset Purchase Agreement is to be construed to give any third parties "any legal or equitable right, remedy or claim under or with respect to this Agreement or any provision of [the] Agreement[.]"

[6] This conclusion is additionally bolstered by reference to the Employment Agreement's integration clause. *See* Employment Agreement § 6.2.

fees provision of the Asset Purchase Agreement while avoiding the forum-selection provision of the same, Mr. Andra's election to plead "attorneys' fees" as "one of his causes of action," Motion at 2, should fairly result in transfer. Mr. Andra, in turn, seeks to minimize the attorneys' fees "cause of action" by arguing in response that "[o]nly [Mr. Andra's] sixth cause of action is premised on the [Asset Purchase Agreement]." ECF No. 25 at 2.

Both MobileOne *and* Mr. Andra seem to be mistaken about the nature of the pleadings. Although the Seventh Cause of Action is captioned "Attorneys' Fees," a request for attorneys' fees does not serve as the basis for an independent cause of action or claim for relief but rather serves as a *remedy* for prevailing parties,[7] both in statutory and contract-based actions.[8] *See, e.g.*, *FCC v. League of Women Voters*, 468 U.S. 364, 373 n.10 (1984); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1199 (10th Cir. 1998); *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 521 (5th Cir. 1994); *People Who Care v. Rockford Bd. of Educ. Dist. No. 205*, 921 F.2d 132, 134 (7th Cir. 1991); *Derive Power v. Lynk*, 2017 U.S. Dist. LEXIS 231938, at *5 (D. Utah Mar. 10, 2017); *LocusPoint Networks, LLC v. D.T.V. LLC*, 2015 U.S. Dist. LEXIS 65427, at *18 (N.D. Cal. May 19, 2015).

As a result, the only causes of action pleaded in Mr. Andra's Complaint arise under the terms of the Employment Agreement or from tortious conduct related thereto, *see* Complaint ¶¶ 93-121, and the request for attorneys' fees, incorrectly styled as a cause of action, is properly understood only as a prayer for relief. Insofar as Defendant argues, that Mr. Andra's action ought

---

[7] *Compare Cause of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person[.]") *with Remedy*, BLACK'S LAW DICTIONARY ("The means of enforcing a right or preventing or redressing a wrong; legal or equitable relief.").

[8] This is further evidenced by the attorneys' fees provision's use of the term "prevailing Party" in § 11.6 of the Asset Purchase Agreement.

to be bound in its entirety by the forum-selection clause, MobileOne errs, as that agreement does not form the legal basis for his claims. Instead, the question of Mr. Andra's entitlement to attorneys' fees under the Asset Purchase Agreement, which constitutes a separate remedial question, need not be addressed at this juncture.[9] In summary, Plaintiff's erroneous captioning of his Seventh Cause of Action and his citation to a separate contract (to which he is not a party) as giving rise to a cause of action for attorneys' fees does not trigger the venue provisions of that contract where the action, as pleaded, arises from *another* contract.

Having determined that the forum-selection clause of the Asset Purchase Agreement does not govern this action, the court moves to conduct the 28 U.S.C. § 1404(a) analysis applicable in the absence of a valid and mandatory forum-selection clause. And considering the factors typically

---

[9] However, the court expresses its doubts that Mr. Andra, should he prevail in this action, would be entitled to such fees. For one thing, § 11.11 of the Asset Purchase Agreement likely defeats his pleaded entitlement as a third-party beneficiary. *See* Complaint ¶ 124. Further, because, as described above, this action is not a "proceeding for the enforcement of [the Asset Purchase Agreement]," Asset Purchase Agreement § 11.6, and instead stems from the independent Employment Agreement, this action is likely not properly described by the plain language of the attorneys' fees provision of the Asset Purchase Agreement.

In fairness, Mr. Andra's election to invoke an entitlement to remedial attorneys' fees may have placed him in something of a Catch-22, as the court finds persuasive the statement from a prior District of Utah case that "[e]ven if this court assumes Plaintiff has standing as a third-party beneficiary (despite the APA's express 'No Third Party Beneficiaries' Clause), Plaintiff would have no greater venue rights than the contracting parties." *Christensen v. Norman*, No. 2:17-cv-01283-RJS-BCW, 2019 U.S. Dist. LEXIS 48182, at *8 (D. Utah Feb. 1, 2019) (Magistrate Judge's recommendation), *adopted by Christensen v. Norman*, No. 2:17-cv-1283, 2019 U.S. Dist. LEXIS 47215, at *5 (D. Utah Mar. 20, 2019).

Should Mr. Andra later seek to avail himself of an entitlement to attorneys' fees under the Asset Purchase Agreement at a later stage of litigation, it may be difficult for him to circumnavigate the general principle that "it is unfair for a party to rely on a contract when it works to its advantage, and repudiate it when it works to its disadvantage." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 449 F. App'x 704, 708 (10th Cir. 2011) (quoting *Am. Bankers Ins. Grp., Inc. v. Long*, 453 F.3d 623, 627 (4th Cir. 2006)). But again, the court emphasizes that it believes these questions to be unripe for final decision.

applicable to motions to transfer venue under 28 U.S.C. § 1404(a), outlined in *Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010), the court concludes that Defendant MobileOne did not bear its "burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

Because MobileOne's argument that the Asset Purchase Agreement's forum-selection clause is binding is ultimately inapposite, the court is satisfied that the Plaintiff's choice of forum, the accessibility of witnesses and other sources of proof, including the availability of compulsory process to ensure attendance of witnesses, and other practical considerations weigh against transfer. *See Chrysler Credit Corp.*, 928 F.2d at 1516. Balancing the relevant factors does not, at the very least, "strongly favor[]" a transfer of venue under § 1404(a), and the court declines to transfer the action.

## CONCLUSION & ORDER

For the foregoing reasons, Defendant's Motion to Transfer, ECF No. 22, is **DENIED**.

DATED November 8th, 2023.

BY THE COURT

_____

Jill N. Parrish
United States District Court Judge