UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TODD ANDRA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MOBILEONE, LLC, an Arizona limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM DISCOVERY MOTION RE: COMMUNICATIONS ABOUT THE MOBILE SOURCE, LLC (DOC. NO. 44)**<br><br>Case No. 2:23-cv-00188<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

In this employment case, Plaintiff Todd Andra moves to compel Defendant MobileOne, LLC to respond to Interrogatory 5 and Request for Production ("RFP") 7.[1] In these requests, Mr. Andra asks MobileOne to identify and produce communications by MobileOne management to its employees mentioning The Mobile Source, LLC ("TMS"). MobileOne argues the requests are overbroad and unduly burdensome.[2] Because the requests are overbroad and not proportional to the needs of the case, the motion is denied.[3]

---

[1] (Pl.'s Short Form Disc. Mot. No. 2 Re: Commc'ns About The Mobile Source, LLC ("Mot."), Doc. No. 44.)

[2] (*See* Def. MobileOne's Resp. to Pl.'s Short Form Mot. to Compel Disc. Related to The Mobile Source ("Opp'n"), Doc. No. 49.)

[3] This motion is addressed on the briefs, as no hearing is necessary. *See* DUCivR 37-1(b)(5)(B).

1

## BACKGROUND

Mr. Andra brought this case against his former employer, MobileOne, asserting breach of contract and related claims arising from his termination.[4] In July 2022, MobileOne entered into an agreement with TMS to purchase thirty-three retail T-Mobile stores operated by TMS.[5] Mr. Andra supervised sales companywide at TMS, and transitioned his employment to MobileOne as part of the acquisition.[6] According to MobileOne, 228 other TMS employees also transitioned to MobileOne.[7]

MobileOne terminated Mr. Andra in February 2023, approximately seven months after the TMS acquisition.[8] Mr. Andra alleges MobileOne imposed changes in pay structure between July 2022 and February 2023, which led to many employees resigning, in turn resulting in a substantial drop in sales at former TMS stores.[9] Mr. Andra contends MobileOne fabricated "cause" for his termination to avoid paying severance, by claiming the drop in sales resulted from his incompetence rather than MobileOne's policies.[10] MobileOne, on the other hand, contends it had proper cause to

---

[4] (*See generally* Compl., Doc. No. 2.)

[5] (*Id.* ¶¶ 8, 26–27.)

[6] (*See id.* ¶¶ 24, 29.)

[7] (*See* Opp'n 2, Doc. No. 49.)

[8] (*See* Mot., Doc. No. 44 at 2.)

[9] (*See* Compl. ¶¶ 79–86, Doc. No. 2.)

[10] (*See id.* ¶¶ 90–92, 96.)

terminate Mr. Andra based on "inappropriate behavior, creation of a hostile work environment, and undermining MobileOne's management."[11]

In Interrogatory 5 and RFP 7, Mr. Andra seeks identification and production of "all communications by [MobileOne] management with [MobileOne] employees mentioning The Mobile Source, LLC."[12] MobileOne objected to these discovery requests as vague, overbroad, and unduly burdensome.[13] Mr. Andra indicates he agreed to limit the request to communications made to employees by four specific custodians, and to narrow the temporal scope from June 2022 to February 2023, but MobileOne still declined to respond.[14]

## LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[15] Proportionality considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[11] (Opp'n 2, Doc. No. 49.)

[12] (Ex. 1 to Mot., Pl.'s First Set of Disc. Reqs. 6, 9, Doc. No. 44-1.)

[13] (Ex. 2 to Mot., Def. MobileOne, LLC's Resp. to Pl. Todd Andra's First Set of Disc. Reqs. 5, 16, Doc. No. 44-2.)

[14] (Mot., Doc. No. 44 at 2.)

[15] Fed. R. Civ. P. 26(b)(1).

3

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[16]

## ANALYSIS

Mr. Andra argues the requested communications are relevant to understand Mr. Andra's duties in transitioning from employment at TMS to MobileOne, including what TMS policies and practices would remain after the acquisition.[17] Mr. Andra further argues communications regarding TMS may support his claim that MobileOne may not have intended to honor the full period of his employment agreement.[18] Mr. Andra argues the discovery is proportional because if he prevails on his termination without cause claim, he is entitled to $638,000.[19]

MobileOne argues Mr. Andra's requests are overbroad because the four named custodians—who are MobileOne's owners and area directors—sent or were copied on "countless communications" mentioning TMS during the acquisition, which was one of MobileOne's largest acquisitions.[20] MobileOne claims the "vast majority of these communications have nothing to do with [Mr.] Andra and his termination."[21] Additionally, MobileOne argues the requests are not proportional to the needs of the

---

[16] *Id.*

[17] (Mot., Doc. No. 44 at 2.)

[18] (*Id.* at 2–3.)

[19] (*Id.* at 2.)

[20] (Opp'n 2, Doc. No. 49.)

[21] (*Id.*)

case because it would be required to review and produce thousands of irrelevant communications.[22]

Interrogatory 5 and RFP 7 are overbroad and not proportional to the needs of the case.  As written, the requests seek *all* communications with *all* employees that merely mention TMS.  Where MobileOne employed hundreds of former TMS employees, the requests are likely to encompass countless communications irrelevant to this case.  Even if narrowed to four custodians within a six-month period, the requests would still encompass communications with hundreds of TMS employees during this time period.  Although some communications may be relevant, Mr. Andra has not explained how *all* communications with *all* employees mentioning TMS are relevant to understanding his duties in transitioning from TMS to MobileOne, what policies and practices were retained, or whether MobileOne intended to honor his employment agreement.  If Mr. Andra seeks discovery on those topics, he must propound more narrowly tailored requests.  Interrogatory 5 and RFP 7, as written and even as Mr. Andra proposes to narrow them, are overbroad and disproportionate.

---

[22] (*Id.*)

## CONCLUSION

Because the discovery requests are overbroad and not proportional to the needs of the case, Mr. Andra's motion[23] is denied.

DATED this 20th day of August, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[23] (Doc. No. 44.)