UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TODD ANDRA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MOBILEONE, LLC, an Arizona limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S SHORT FORM DISCOVERY MOTION RE: COMMUNICATIONS ABOUT THE ASSET PURCHASE AGREEMENT (DOC. NO. 45)**<br><br>Case No. 2:23-cv-00188<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

In this employment case, Plaintiff Todd Andra moves to compel Defendant MobileOne, LLC to respond to Interrogatory 6 and Request for Production ("RFP") 8.[1] In these requests, Mr. Andra asks MobileOne to identify and produce communications related to the negotiation of the Asset Purchase Agreement in which Mr. Andra is mentioned. MobileOne argues the requests are overly broad, unduly burdensome, and include privileged communications.[2] Because the requests are relevant and proportional, and MobileOne's privilege argument is premature, the motion is granted.[3]

---

[1] (Pl.'s Short Form Disc. Mot. No. 2 Re: Commc'ns About the Asset Purchase Agreement ("Mot."), Doc. No. 45.)

[2] (*See* Def. MobileOne's Resp. to Pl.'s Short Form Mot. to Compel Disc. Related to the Asset Purchase Agreement ("Opp'n") 1–2, Doc. No. 51.)

[3] This motion is addressed on the briefs, as no hearing is necessary. *See* DUCivR 37-1(b)(5)(B).

1

## BACKGROUND

Mr. Andra brought this case against his former employer, MobileOne, asserting breach of contract and related claims arising from his termination.[4] In July 2022, MobileOne entered into the Asset Purchase Agreement ("APA") with The Mobile Source, LLC ("TMS") to purchase thirty-three retail T-Mobile stores operated by TMS.[5] Mr. Andra supervised sales companywide at TMS, and transitioned his employment to MobileOne as part of the acquisition.[6] Mr. Andra's employment agreement, providing for a three-year term of employment with MobileOne, was attached as an exhibit to the Asset Purchase Agreement.[7]

MobileOne terminated Mr. Andra in February 2023, approximately seven months after the TMS acquisition.[8] Mr. Andra alleges MobileOne imposed changes in pay structure between July 2022 and February 2023, which led to many employees resigning, in turn resulting in a substantial drop in sales at former TMS stores.[9] Mr. Andra contends MobileOne fabricated "cause" for his termination to avoid paying severance, by claiming the drop in sales resulted from his incompetence rather than

---

[4] (*See generally* Compl., Doc. No. 2.)

[5] (*See id.* ¶¶ 8, 26–27.)

[6] (*See id.* ¶¶ 24, 29.)

[7] (*See* Mot. 2, Doc. No. 45; Ex. 1 to Def.'s Mot. to Transfer Venue, Asset Purchase Agreement Ex. E, Doc. No. 22 at 61–62.)

[8] (*See* Pl.'s Short Form Disc. Mot. Re: Commc'ns About The Mobile Source, LLC, Doc. No. 44 at 2.)

[9] (*See* Compl. ¶¶ 79–86, Doc. No. 2.)

MobileOne's policies.[10]  Mr. Andra also alleges at the time MobileOne negotiated the APA, it never intended to employ him for the full three-year term.[11]  MobileOne, on the other hand, contends it had proper cause to terminate Mr. Andra based on "inappropriate behavior, creation of a hostile work environment, and undermining MobileOne's management."[12]

In Interrogatory 6 and RFP 8, Mr. Andra seeks identification and production of "all communications related to the negotiation of the APA in which [Mr. Andra] is mentioned," with "no temporal limitation."[13]  MobileOne objected to these discovery requests on the grounds of attorney-client privilege, work-product privilege, relevance, and overbreadth, and declined to respond.[14]  Mr. Andra indicates he agreed to narrow the request's temporal scope to May 2022 through August 2022—when the deal was being negotiated, drafted, and implemented—but MobileOne still declined to respond.[15]

## LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

---

[10] (*See id.* ¶¶ 90–92, 96.)

[11] (*Id.* ¶ 34.)

[12] (Def. MobileOne's Resp. to Pl.'s Short Form Mot. to Compel Disc. Related to The Mobile Source 2, Doc. No. 49.)

[13] (Ex. 1 to Mot., Pl.'s First Set of Disc. Reqs. 6, 9, Doc. No. 45-1.)

[14] (Ex. 2 to Mot., Def. MobileOne, LLC's Resp. to Pl. Todd Andra's First Set of Disc. Reqs. 5–6, 16–17, Doc. No. 45-2.)

[15] (*See* Mot., Doc. No. 45 at 2.)

3

defense and proportional to the needs of the case."[16] Proportionality considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[17]

## ANALYSIS

Mr. Andra argues the requested communications are relevant because they reflect the parties' understanding of Mr. Andra's duties in transitioning from employment at TMS to MobileOne, including what TMS policies and practices would remain after the acquisition.[18] Mr. Andra further contends communications mentioning him, in the context of negotiating the APA, may help interpret the employment agreement and the meaning of "cause" for termination.[19] Finally, Mr. Andra argues the requests are proportional because if he prevails on his "termination without cause" claim, he is entitled to $638,000.[20]

MobileOne argues Mr. Andra's requests are irrelevant because this case centers on Mr. Andra's performance under the employment agreement, not the APA.[21] Citing to

---

[16] Fed. R. Civ. P. 26(b)(1).

[17] *Id.*

[18] (*See* Mot., Doc. No. 45 at 2.)

[19] (*Id.*)

[20] (*Id.*)

[21] (*See* Opp'n 2, Doc. No. 51.)

4

a November 8, 2023 order,[22] MobileOne asserts this court has previously ruled the APA is not the controlling agreement in this case, and, as a result, the APA has no relevance.[23] MobileOne also contends the requests are overbroad and would encompass privileged communications between MobileOne and its attorneys related to negotiation of the APA.[24] Finally, MobileOne argues the requests are not proportional to the needs of the case because the burden of searching for and producing irrelevant communications is unjustified.[25]

Interrogatory 6 and RFP 8 are relevant and proportional to the needs of the case. As an initial matter, MobileOne's reliance on the November 8, 2023 order is misplaced. That order addressed MobileOne's motion to transfer venue based on a forum selection clause in the APA.[26] The court denied the motion, finding Mr. Andra's claims arise under the employment agreement, not the APA.[27] But this finding does not mean the APA is irrelevant to Mr. Andra's claims or outside the scope of discovery.

Communications regarding negotiation of the APA which mention Mr. Andra are relevant to Mr. Andra's claims. Mr. Andra's employment agreement was appended to the APA, and the APA states "MobileOne shall be employing Todd Andra as set forth in

---

[22] (Mem. Decision and Order Den. Def.'s Mot. to Transfer Venue, Doc. No. 31.)

[23] (Opp'n 2, Doc. No. 51.)

[24] (*See id.*)

[25] (*See id.* at 2–3.)

[26] (Mem. Decision and Order Den. Def.'s Mot. to Transfer Venue, Doc. No. 31.)

[27] (*See id.* at 3–4, 7.)

5

this Agreement."[28]  Mr. Andra alleges in his complaint that his continued employment was a material part of the APA.[29]  Thus, communications regarding negotiation of the APA may shed light on the terms of the employment agreement, Mr. Andra's expected duties in transitioning to his new employer, and whether MobileOne intended to honor the full three-year employment term.  This information is relevant to Mr. Andra's claim that MobileOne breached the employment agreement and fabricated cause for his termination.

The discovery requests are also proportional to the needs of the case. MobileOne offers no estimate or evidence of the time or cost required to respond, and it has not shown the burden of responding outweighs the likely benefit.[30]

Finally, MobileOne's privilege argument is premature, where MobileOne has not yet withheld information or documents based on privilege.  MobileOne need not produce or log privileged communications with its own attorneys (which Mr. Andra does not indicate he is seeking).  But if MobileOne withholds any other documents based on a claim of privilege, MobileOne must provide a privilege log.[31]

---

[28] (*See* Ex. 1 to Def.'s Mot. to Transfer Venue, Asset Purchase Agreement 17 & Ex. E, Doc. No. 22 at 30, 61.)

[29] (*See* Compl. ¶ 29, Doc. No. 2.)

[30] *See* Fed. R. Civ. P. 26(b)(1).

[31] *See* Fed. R. Civ. P. 26(b)(5).

## CONCLUSION

Because Interrogatory 6 and RFP 8 are relevant and proportional to the needs of the case, Mr. Andra's motion[32] is granted. Within fourteen days, MobileOne must identify and produce all responsive, nonprivileged communications.

DATED this 20th day of August, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[32] (Doc. No. 45.)