UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TODD ANDRA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MOBILEONE, LLC, an Arizona limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S SHORT FORM DISCOVERY MOTION RE: COMPENSATION FOR STORE EMPLOYEES**<br>**(DOC. NO. 46)**<br><br>Case No. 2:23-cv-00188<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

In this employment case, Plaintiff Todd Andra moves to compel Defendant MobileOne, LLC to respond to Mr. Andra's Interrogatory 19 and Request for Production ("RFP") 20.[1] These requests ask MobileOne to provide the gross monthly compensation for each employee of stores MobileOne acquired from The Mobile Source, LLC ("TMS") over an eight-month period. MobileOne argues the requests are overbroad and unduly burdensome.[2] Because the requests are relevant and proportional to the needs of the case, the motion is granted.[3]

---

[1] (Pl.'s Short Form Disc. Mot. Re: Comp. for Store Emps. ("Mot."), Doc. No. 46.)

[2] (*See* Def. MobileOne's Resp. to Pl.'s Short Form Mot. to Compel Disc. Regarding Comp. for Store Emps. ("Opp'n"), Doc. No. 56.)

[3] This motion is addressed on the briefs, as no hearing is necessary. *See* DUCivR 37-1(b)(5)(B).

1

## BACKGROUND

Mr. Andra brought this case against his former employer, MobileOne, asserting breach of contract and related claims arising from his termination.[4] In July 2022, MobileOne entered into an agreement with TMS to purchase thirty-three retail T-Mobile stores operated by TMS.[5] Mr. Andra supervised sales companywide at TMS, and transitioned his employment to MobileOne as part of the acquisition.[6] According to MobileOne, 228 other TMS employees also transitioned to MobileOne.[7]

MobileOne terminated Mr. Andra in February 2023, approximately seven months after the TMS acquisition.[8] Mr. Andra alleges MobileOne imposed changes in pay structure between July 2022 and February 2023, which led to many employees resigning, in turn resulting in a substantial drop in sales at former TMS stores.[9] Mr. Andra contends MobileOne fabricated "cause" for his termination to avoid paying severance, by claiming the drop in sales was a result of his incompetence rather than MobileOne's policies.[10] MobileOne, on the other hand, contends it had proper cause to

---

[4] (*See generally* Compl., Doc. No. 2.)

[5] (*Id.* ¶¶ 8, 26–27.)

[6] (*See id.* ¶¶ 24, 29.)

[7] (*See* Opp'n 2, Doc. No. 56.)

[8] (*See* Pl.'s Short Form Disc. Mot. Re: Commc'ns About The Mobile Source, LLC, Doc. No. 44 at 2.)

[9] (*See* Compl. ¶¶ 79–86, Doc. No. 2.)

[10] (*See id.* ¶¶ 90–92, 96.)

terminate Mr. Andra based on "inappropriate behavior, creation of a hostile work environment, and undermining MobileOne's management."[11]

Interrogatory 19 states: "for each of [MobileOne's] employees working at one of the Mobile Source Stores between July 2022 and February 2023, provide each such employee's gross monthly compensation separated by store location."[12] And in RFP 20, Mr. Andra requests "documents evidencing such employee's gross monthly compensation separated by store location."[13] MobileOne objected to these discovery requests as irrelevant, overbroad, and unduly burdensome, and declined to respond.[14]

## LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[15] Proportionality considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[16]

---

[11] (Def. MobileOne's Resp. to Pl.'s Short Form Mot. to Compel Disc. Related to The Mobile Source 2, Doc. No. 49.)

[12] (Ex. 1 to Mot., Pl.'s First Set of Disc. Reqs. 8, Doc. No. 46-1.)

[13] (*Id.* at 10.)

[14] (*See* Ex. 2 to Mot., Def. MobileOne, LLC's Resp. to Pl. Todd Andra's First Set of Disc. Reqs. 11–12, 22, Doc. No. 46-2.)

[15] Fed. R. Civ. P. 26(b)(1).

[16] *Id.*

## ANALYSIS

Mr. Andra argues employee compensation information is relevant to whether MobileOne had valid "cause" to terminate him.[17] According to Mr. Andra, MobileOne asserted deficiencies in his performance before terminating him, based on declining sales at stores he supervised.[18] Mr. Andra alleges the drop in sales resulted from MobileOne changing the commission structure for salespeople at former TMS stores, drastically reducing their earning potential.[19] Mr. Andra claims many employees quit due to these changes, but he was unfairly blamed.[20] According to Mr. Andra, employee compensation data is relevant to his performance and whether his "for cause" termination was justified.[21]

MobileOne argues the requested compensation information is irrelevant because Mr. Andra was terminated for inappropriate behavior, creating a hostile work environment, and undermining MobileOne's management—not poor performance.[22] Additionally, MobileOne argues the requests are not proportional to the needs of the case.[23] MobileOne asserts its records system "does not allow MobileOne to simply pull

---

[17] (*See* Mot., Doc. No. 46 at 2–3.)

[18] (*See id.* at 1; *see also* Compl. ¶ 91, Doc. No. 2.)

[19] (*See* Mot., Doc. No. 46 at 1–2; Compl. ¶¶ 79–81, Doc. No. 2.)

[20] (*See* Mot., Doc. No. 46 at 1–2; Compl. ¶¶ 82–91, Doc. No. 2.)

[21] (*See* Mot., Doc. No. 46 at 2–3.)

[22] (*See* Opp'n 2, Doc. No. 56.)

[23] (See *id.*)

gross monthly compensation for each employee working at certain stores."[24]  Thus, MobileOne asserts it would need to "manually" review its records and compile the requested data for between 213 and 235 employees across thirty-three stores during the eight months at issue.[25]  MobileOne argues the cost and burden of such a production are unjustified.[26]  MobileOne also objects to the requests because employee compensation is "sensitive and private information."[27]

      Interrogatory 19 and RFP 20 are relevant and proportional to the needs of the case.  Employee compensation data is relevant to Mr. Andra's claim that MobileOne lacked cause to terminate him.  If employee compensation declined following changes in MobileOne's compensation structure, this could support Mr. Andra's theory that the employee resignations and drop in sales preceding his termination resulted from MobileOne's policies rather than Mr. Andra's mismanagement.  Thus, the requested discovery is relevant to whether Mr. Andra was terminated for cause—a central contested issue in this case.  MobileOne may not refuse to respond merely because it disputes the reasons for Mr. Andra's termination.  Further, the requests are not overbroad; they are limited to former TMS stores during the time period between the TMS acquisition and Mr. Andra's termination.  Compensation data from these locations and this timeframe is relevant to Mr. Andra's claims.

---

[24] (*Id.* at 2.)

[25] (*Id.* at 2–3.)

[26] (*See id.* at 3.)

[27] (*Id.*)

MobileOne has not demonstrated the burden of responding to these requests outweighs the likely benefit.  MobileOne provides no evidence (nor even an estimate) of the time or costs required to respond.  MobileOne's claim that it would be required to "manually" compile the requested data is also unsupported.[28]  But even assuming this is true, the burden of responding is proportional to the needs of the case, given the relevance of this data to a central issue in this case.  Finally, any privacy concerns are adequately addressed by the District of Utah's Standard Protective Order, which permits the producing party to designate information produced in discovery as confidential.[29]

## CONCLUSION

Because Interrogatory 19 and RFP 20 are relevant and proportional to the needs of the case, Mr. Andra's motion[30] is granted.  MobileOne is ordered to respond within fourteen days.

DATED this 20th day of August, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[28] Presumably, an electronics company of MobileOne's size maintains some sort of computerized records of employee compensation.

[29] *See* Standard Protective Order (For Cases Filed Before December 1, 2023), available at https://www.utd.uscourts.gov/sites/utd/files/Standard%20Protective%20Order%20Cases%20Filed%20Before%2012-1-2023.pdf [https://perma.cc/26WB-36K5].

[30] (Doc. No. 46.)