UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TODD ANDRA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MOBILEONE, LLC, an Arizona limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM DISCOVERY MOTION RE: PERSONS WITH KNOWLEDGE**<br>**(DOC. NO. 48)**<br><br>Case No. 2:23-cv-00188<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

In this employment case, Plaintiff Todd Andra moves to compel Defendant MobileOne, LLC to respond to Mr. Andra's Interrogatory 1, which asks MobileOne to identify every person with knowledge on any matter relevant to this case and to summarize each person's knowledge and opinions.[1] MobileOne argues its initial disclosures are an adequate response, and Mr. Andra's request for additional information is improper.[2] MobileOne is correct. Because MobileOne's initial disclosures are adequate under the federal rules, and Mr. Andra's request for a more detailed summary of each witness's knowledge and opinions is improper, his motion is denied.[3]

---

[1] (Pl.'s Short Form Disc. Mot. Re: Persons with Knowledge ("Mot."), Doc. No. 48.)

[2] (*See* Def. MobileOne's Resp. to Pl.'s Short Form Mot. to Compel Disc. Regarding Persons with Knowledge ("Opp'n"), Doc. No. 58.)

[3] This motion is addressed on the briefs, as no hearing is necessary. *See* DUCivR 37-1(b)(5)(B).

1

## BACKGROUND

Mr. Andra brought this case against his former employer, MobileOne, asserting breach of contract and related claims arising from his termination.[4] In July 2022, MobileOne entered into an agreement with The Mobile Source, LLC ("TMS") to purchase thirty-three retail T-Mobile stores operated by TMS.[5] Mr. Andra supervised sales companywide at TMS, and transitioned his employment to MobileOne as part of the acquisition.[6]

MobileOne terminated Mr. Andra in February 2023, approximately seven months after the TMS acquisition.[7] Mr. Andra alleges MobileOne imposed changes in pay structure between July 2022 and February 2023, which led to many employees resigning, in turn resulting in a substantial drop in sales at former TMS stores.[8] Mr. Andra contends MobileOne fabricated "cause" for his termination to avoid paying severance, by claiming the drop in sales was a result of his incompetence rather than MobileOne's policies.[9] MobileOne, on the other hand, contends it had proper cause to

---

[4] (*See generally* Compl., Doc. No. 2.)

[5] (*See id.* ¶¶ 8, 26–27.)

[6] (*See id.* ¶¶ 24, 29.)

[7] (*See* Pl.'s Short Form Disc. Mot. Re: Commc'ns About The Mobile Source, LLC, Doc. No. 44 at 2.)

[8] (*See* Compl. ¶¶ 79–86, Doc. No. 2.)

[9] (*See id.* ¶¶ 90–92, 96.)

terminate Mr. Andra based on "inappropriate behavior, creation of a hostile work environment, and undermining MobileOne's management."[10]

In Interrogatory 1, Mr. Andra asks MobileOne to "identify every person with knowledge of any matter relevant to this case that is discoverable under Fed. R. Civ. P. 26(b) and summarize each person's knowledge and opinions."[11] In response, MobileOne referred Mr. Andra to its initial disclosures.[12] MobileOne's initial disclosures identified nine current or former MobileOne employees, along with two principals of a company who provided executive coaching to Mr. Andra before his termination.[13] For each identified person, MobileOne provided contact information, the person's title at the company, and the subjects of the person's knowledge.[14] Such subjects included "information related to relevant agreements," "[Mr.] Andra's behavior during his employment," "the events which led to [Mr.] Andra's termination," "the reason for [Mr.] Andra's termination," "complaints about [Mr.] Andra," and "attempts to train [Mr.] Andra."[15]

---

[10] (Def. MobileOne's Resp. to Pl.'s Short Form Mot. to Compel Disc. Related to The Mobile Source 2, Doc. No. 49.)

[11] (Ex. 1 to Mot., Pl.'s First Set of Disc. Reqs. 5, Doc. No. 48-1.)

[12] (*See* Ex. 2 to Mot., Def. MobileOne, LLC's Resp. to Pl. Todd Andra's First Set of Disc. Reqs. 2, Doc. No. 48-2.)

[13] (*See* Ex. A to Opp'n, Def.'s Rule 26(a)(1) Initial Disclosures 2–5, Doc. No. 58-1.)

[14] (*See id.*)

[15] (*Id.*)

## LEGAL STANDARDS

Rule 33(a)(2) of the Federal Rules of Civil Procedure provides that interrogatories "may relate to any matter that may be inquired into under Rule 26(b)."[16] Under Rule 26(b), the scope of discovery encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[17] Rule 33 also provides "[a]n interrogatory is not is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."[18]

Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure requires parties to provide initial disclosures including "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."[19]

## ANALYSIS

Mr. Andra argues MobileOne's reference to its initial disclosures is an inadequate response to Interrogatory 1, because the initial disclosures identify only general subjects on which each person is knowledgeable.[20] Mr. Andra argues MobileOne should be

---

[16] Fed. R. Civ. P. 33(a)(2).

[17] Fed. R. Civ. P. 26(b)(1).

[18] Fed. R. Civ. P. 33(a)(2).

[19] Fed. R. Civ. P. 26(a)(1)(A)(i)

[20] (*See* Mot., Doc. No. 48 at 2.)

compelled to summarize each person's knowledge and opinions, as requested in Interrogatory 1.[21]  Because many of the identified individuals were listed as represented by MobileOne's counsel, Mr. Andra contends their knowledge and opinions are available only to MobileOne.[22]  Mr. Andra also argues a state procedural rule which requires initial disclosures in Utah state courts to include "a summary of expected testimony" demonstrates the propriety of his request.[23]

MobileOne argues its initial disclosures are adequate under the federal rules, and requiring a more detailed summary of knowledge and opinions would be inappropriate.[24]  MobileOne suggests Interrogatory 1 is an improper request for MobileOne to testify on behalf of the identified witnesses.[25]  MobileOne also contends Mr. Andra has sufficient information to depose the witnesses he deems necessary, noting he worked with each person listed.[26]

MobileOne's initial disclosures meet the requirements of Rule 26(a)(1)(A)(i), and Mr. Andra's request for a more detailed summary of each witness's knowledge and opinions is improper.  Mr. Andra's reliance on a state procedural rule is inapposite; the federal rules, not state rules, govern this action.  MobileOne provided the subjects of information on which each witness has knowledge with sufficient specificity to assist Mr.

---

[21] (*See id.*)

[22] (*Id.*)

[23] (*Id.* at 2–3); Utah R. Civ. P. 26(a)(1)(A)(ii).

[24] (*See* Opp'n 2, Doc. No. 58.)

[25] (*Id.*)

[26] (*See id.*)

Andra in determining whom to depose.[27]  This is sufficient under Rule 26(a)(1)(A)(i).[28]  If Mr. Andra seeks more detailed information regarding witnesses' knowledge and opinions, the proper procedure is to depose them—not to ask MobileOne for a summary of their expected testimony.  Although Rule 33 permits interrogatories seeking opinions, Mr. Andra's Interrogatory 1 does not ask for *MobileOne's* opinions or positions in this case (a so-called "contention" interrogatory).  Rather, Mr. Andra asks MobileOne to speculate regarding how witnesses might testify, before any depositions have taken place.  Such an interrogatory is improper.

## CONCLUSION

Because MobileOne satisfied the initial disclosure requirements, and Mr. Andra's request for a more detailed summary of each witness's knowledge and opinions is improper, Mr. Andra's motion[29] is denied.

DATED this 20th day of August, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[27] *Cf. Hertz v. Luzenac Am., Inc.*, No. 04-cv-1961, 2006 U.S. Dist. LEXIS 25945, at *21 (D. Colo Apr. 6, 2006) (unpublished) (noting, in the context of supplemental disclosures, that "disclosures should provide the opposing party with enough useful information to make informed decisions regarding discovery and trial preparation").

[28] *See* Fed. R. Civ. P. 26(a)(1)(A), advisory committee's note to 1993 amendment ("Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed.").

[29] (Doc. No. 48.)