UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TODD ANDRA, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>MOBILEONE, LLC, an Arizona limited liability company,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SHORT FORM DISCOVERY MOTION RE: COMPENSATION PLAN CHANGES (DOC. NO. 53)**<br><br>Case No. 2:23-cv-00188<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

In this employment case, Plaintiff Todd Andra moves to compel Defendant MobileOne, LLC to respond to Mr. Andra's Interrogatory 17 and Requests for Production ("RFPs") 18 and 30.[1]  These requests ask MobileOne to identify and produce communications by MobileOne employees complaining about the November 2022 compensation model changes, as well as any documents relating to or referring to MobileOne's compensation plan.  MobileOne argues the requests are irrelevant, overbroad, and unduly burdensome.[2]

---

[1] (Pl.'s Short Form Disc. Mot. Re: Comp. Plan Changes ("Mot."), Doc. No. 53.)

[2] (*See* Def. MobileOne's Resp. to Pl.'s Short Form Mot. to Compel Disc. Regarding Comp. Plan Changes ("Opp'n"), Doc. No. 60.)

The motion is granted in part and denied in part.[3]  MobileOne must identify and produce employee complaints requested in Interrogatory 17 and RFP 18.  As for RFP 30, MobileOne must produce all compensation plans for sales employees in effect during Mr. Andra's employment, but need not produce other documents and communications "relating to or referring to" compensation plans.

## BACKGROUND

Mr. Andra brought this case against his former employer, MobileOne, asserting breach of contract and related claims arising from his termination.[4]  In July 2022, MobileOne entered into an agreement with The Mobile Source, LLC ("TMS") to purchase thirty-three retail T-Mobile stores operated by TMS.[5]  Mr. Andra supervised sales companywide at TMS, and transitioned his employment to MobileOne as part of the acquisition.[6]  According to MobileOne, 228 other TMS employees also transitioned to MobileOne.[7]

MobileOne terminated Mr. Andra in February 2023, approximately seven months after the TMS acquisition.[8]  Mr. Andra alleges MobileOne imposed changes in pay

---

[3] This motion is addressed on the briefs, as no hearing is necessary.  *See* DUCivR 37-1(b)(5)(B).

[4] (*See generally* Compl., Doc. No. 2.)

[5] (*Id.* ¶¶ 8, 26–27.)

[6] (*See id.* ¶¶ 24, 29.)

[7] (*See* Def. MobileOne's Resp. to Pl.'s Short Form Mot. to Compel Disc. Related to The Mobile Source 2, Doc. No. 49.)

[8] (*See* Pl.'s Short Form Disc. Mot. Re: Commc'ns About The Mobile Source, LLC, Doc. No. 44 at 2.)

structure between July 2022 and February 2023, which led to many employees resigning, in turn resulting in a substantial drop in sales at former TMS stores.[9]  Mr. Andra contends MobileOne fabricated "cause" for his termination to avoid paying severance, by claiming the drop in sales was a result of his incompetence rather than MobileOne's policies.[10]  MobileOne, on the other hand, contends it had proper cause to terminate Mr. Andra based on "inappropriate behavior, creation of a hostile work environment, and undermining MobileOne's management."[11]

Interrogatory 17 asks MobileOne to "identify any communications from [MobileOne] employees complaining about the November 2022 changes to [MobileOne's] compensation model."[12]  RFP 18 seeks production of those communications.[13]  RFP 30 seeks production of "documents, including communications, relating to or referring to the compensation plan for [MobileOne] sales employees, including any changes to that plan."[14]  MobileOne objected to these requests as overbroad and irrelevant, and declined to respond.[15]

---

[9] (*See* Compl. ¶¶ 79–86, Doc. No. 2.)

[10] (*See id.* ¶¶ 90–92, 96.)

[11] (Opp'n 2, Doc. No. 60.)

[12] (Ex. 1 to Mot., Pl.'s First Set of Disc. Reqs. 7, Doc. No. 53-1.)

[13] (*Id.* at 10.)

[14] (*Id.* at 11.)

[15] (See Ex. 2 to Mot., Def. MobileOne, LLC's Resp. to Pl. Todd Andra's First Set of Disc. Reqs. 11, 21, 25–26, Doc. No. 53-2.)

## LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[16]  Proportionality considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[17]

## ANALYSIS

Mr. Andra argues the requested employee complaints and compensation plan documents are relevant to his performance, and to show the reasons for the financial performance of the stores he managed.[18]  Mr. Andra asserts employee complaints may also show Mr. Andra was "fully justified" in pushing back against changes to the compensation plan.[19]

MobileOne argues the requested compensation information is irrelevant because Mr. Andra was terminated for inappropriate behavior, creating a hostile work environment, and undermining MobileOne's management—not poor performance.[20] MobileOne also contends compensation plan documents and complaints are irrelevant

---

[16] Fed. R. Civ. P. 26(b)(1).

[17] *Id.*

[18] (*See* Mot., Doc. No. 53 at 2.)

[19] (*Id.*)

[20] (*See* Opp'n 2, Doc. No. 60.)

to Mr. Andra's performance.[21]  MobileOne further argues that even if compensation

plans were relevant, the requests are overbroad and unduly burdensome.[22]  MobileOne

notes the requests are not limited to a particular time period or specific custodians.[23]  As

a result, MobileOne contends it would be required to search the emails of all of its

approximately 1,200 employees for any mention of the compensation plan.[24]

Interrogatory 17 and RFP 18 are relevant and proportional to the needs of the

case.  Employee complaints regarding the November 2022 compensation plan changes

are relevant to Mr. Andra's claim that MobileOne lacked cause to terminate him.  As

explained above, Mr. Andra alleges changes in the compensation plan caused many

employees to resign, leading to a drop in sales at stores he managed.  Thus, employee

complaints regarding compensation plan changes could support Mr. Andra's theory that

the drop in sales preceding his termination resulted from MobileOne's policies rather

than Mr. Andra's management.  In other words, the requested discovery is relevant to

whether Mr. Andra was terminated for cause—a central contested issue in this case.

MobileOne may not refuse to respond merely because it disputes the reasons for Mr.

Andra's termination.  Further, these requests are not overbroad because they are

limited to complaints regarding November 2022 changes.  This necessarily limits the

time period in which responsive documents are likely to be found.  Given the relevance

---

[21] (*See id.*)

[22] (See *id.*)

[23] (*See id.* at 2–3.)

[24] (*See id.* at 3.)

of the requested information, the burden of responding does not outweigh the likely benefit.[25]

However, RFP 30 is overbroad.  Mr. Andra has not demonstrated *all* documents and communications "related to or referring to" compensation plans at any time are relevant.  Mr. Andra's motion focuses on employee complaints, but does not explain why any other documents or communications relating to the compensation plans are relevant.  The compensation plans themselves (at least those in effect during Mr. Andra's employment) are plainly relevant, for the reasons explained above.  And MobileOne has not shown production of the plans themselves would be unduly burdensome.  Accordingly, MobileOne must produce the compensation plans for sales employees in effect during Mr. Andra's employment.  However, MobileOne need not produce other documents or communications related to the compensation plans (apart from the employee complaints requested in Interrogatory 17 and RFP 18).  Mr. Andra has failed to show these other documents are relevant.

## CONCLUSION

Mr. Andra's motion[26] is granted in part and denied in part.  Within fourteen days, MobileOne must answer Interrogatory 17, produce all documents responsive to RFP 18,

---

[25] Additionally, MobileOne did not object on grounds of proportionality or undue burden in its responses to these requests, meaning such objections are waived.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Fifth Third Bank v. KCII Insure Servs., LLC*, No. 11-CV-2101, 2011 U.S. Dist. LEXIS 136160, at *4 (D. Kan. Nov. 28, 2011) (unpublished) (noting the same waiver standard applies to Rule 34 requests for production).

[26] (Doc. No. 53.)

and produce all compensation plans for sales employees in effect during Mr. Andra's employment.  MobileOne need not produce other documents requested in RFP 30.

DATED this 20th day of August, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge