UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TODD ANDRA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MOBILEONE, LLC, an Arizona limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S SHORT FORM DISCOVERY MOTION RE: GUARINE NOTES**<br>**(DOC. NO. 55)**<br><br>Case No. 2:23-cv-00188<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

In this employment case, Plaintiff Todd Andra moves to compel Defendant MobileOne, LLC to respond to Mr. Andra's Request for Production ("RFP") 38.[1] The request asks MobileOne to produce notes taken by Nick Guarine, MobileOne's Vice President of Sales, during visits to stores Mr. Andra supervised. MobileOne argues the requests are overbroad, irrelevant, and not proportional to the needs of the case.[2] Because the request is both relevant and proportional, the motion is granted.[3]

---

[1] (Pl.'s Short Form Disc. Mot. Re: Guarine Notes ("Mot."), Doc. No. 55.)

[2] (*See* Def. MobileOne's Resp. to Pl.'s Short Form Mot. to Compel Disc. Regarding Guarine Notes ("Opp'n"), Doc. No. 61.)

[3] This motion is addressed on the briefs, as no hearing is necessary. *See* DUCivR 37-(b)(5)(B).

1

## BACKGROUND

Mr. Andra brought this case against his former employer, MobileOne, asserting breach of contract and related claims arising from his termination.[4] In July 2022, MobileOne entered into an agreement with TMS to purchase thirty-three retail T-Mobile stores operated by TMS.[5] Mr. Andra supervised sales companywide at TMS, and transitioned his employment to MobileOne as part of the acquisition.[6]

MobileOne terminated Mr. Andra in February 2023, approximately seven months after the TMS acquisition.[7] Mr. Andra alleges MobileOne imposed changes in pay structure between July 2022 and February 2023, which led to many employees resigning, in turn resulting in a substantial drop in sales at former TMS stores.[8] Mr. Andra contends MobileOne fabricated "cause" for his termination to avoid paying severance, by claiming the drop in sales was a result of his incompetence rather than MobileOne's policies.[9] MobileOne, on the other hand, contends it had proper cause to terminate Mr. Andra based on "inappropriate behavior, creation of a hostile work environment, and undermining MobileOne's management."[10]

---

[4] (*See generally* Compl., Doc. No. 2.)

[5] (*Id.* ¶¶ 8, 26–27.)

[6] (*See id.* ¶¶ 24, 29.)

[7] (*See* Pl.'s Short Form Disc. Mot. Re: Commc'ns About The Mobile Source, LLC, Doc. No. 44 at 2.)

[8] (*See* Compl. ¶¶ 79–86, Doc. No. 2.)

[9] (*See id.* ¶¶ 90–92, 96.)

[10] (Opp'n 2, Doc. No. 61.)

RFP 38 seeks "any notes Nick Guarine took of his visits to [TMS] Stores."[11] MobileOne objected to the request as overbroad and irrelevant, and declined to respond.[12]

## LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[13] Proportionality considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[14]

## ANALYSIS

Mr. Andra argues RFP 38 is relevant to whether MobileOne had valid "cause" to terminate him.[15] Mr. Andra explains Mr. Guarine regularly visited TMS stores after the acquisition and took notes about the visits.[16] According to Mr. Andra, he received a letter from MobileOne shortly before his termination which stated he was not meeting

---

[11] (Ex. 1 to Mot., Pl.'s First Set of Disc. Reqs. 12, Doc. No. 55-1.)

[12] (*See* Ex. A to Opp'n, Def. MobileOne, LLC's Resp. to Pl. Todd Andra's First Set of Disc. Reqs. 28, Doc. No. 61-1.)

[13] Fed. R. Civ. P. 26(b)(1).

[14] *Id.*

[15] (*See* Mot. 2, Doc. No. 55.)

[16] (*Id.*)

expected performance standards, acting incompetently, failing in his duties, and needed to train and support his team better to increase productivity and profitability at his stores.[17] Mr. Andra argues Mr. Guarine's notes and visits informed this letter and bear on his job performance.[18] Mr. Andra also argues notes taken by Mr. Guarine after his termination are relevant to the case because they may provide insight into whether the same problems existed after his termination.[19]

MobileOne argues Mr. Guarine's notes are irrelevant because Mr. Andra was terminated based on his behavior, not his performance.[20] According to MobileOne, Mr. Guarine's notes address "general impressions of the stores, conversations with employees, complaints made by employees unrelated to [Mr.] Andra, overall store performance, etc."[21] MobileOne argues these notes are irrelevant because the financial performance of his stores was not a metric by which Mr. Andra's job performance was evaluated.[22] MobileOne also asserts the majority of Mr. Guarine's notes are from after Mr. Andra's termination, and have no bearing on the reasons for Mr. Andra's termination.[23]

---

[17] (*See id.* at 1–2.)

[18] (*Id.* at 2.)

[19] (*Id.*)

[20] (*See* Opp'n 2, Doc. No. 61.)

[21] (*Id.*)

[22] (*See id.*)

[23] (*See id.*)

      RFP 38 is relevant and proportional to the needs of the case. As explained above, Mr. Andra alleges MobileOne fabricated cause to terminate him based on the poor financial performance of his stores. Mr. Guarine's notes, as described by MobileOne, concerned store performance (among other things). Thus, this information is relevant to Mr. Andra's breach of contract claim—specifically, to whether MobileOne had legitimate cause to terminate him. The fact that MobileOne disputes the reasons for Mr. Andra's termination does not render this discovery irrelevant. Mr. Guarine's notes from after Mr. Andra's termination are also relevant because a comparison of store performance before and after Mr. Andra's termination may bear on whether performance issues were caused by Mr. Andra's management or other factors. MobileOne does not argue producing the notes would be burdensome; indeed, it appears MobileOne has already compiled and reviewed them. Accordingly, the burden of producing them does not outweigh the likely benefit. For all these reasons, RFP 38 is relevant and proportional.

## CONCLUSION

      Mr. Andra's motion[24] is granted. MobileOne must produce all documents responsive to RFP 38 within fourteen days.

      DATED this 20th of August, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[24] (Doc. No. 55.)