UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TODD ANDRA,<br><br>      Plaintiff,<br><br>v.<br><br>MOBILEONE LLC,<br><br>      Defendant. | MEMORANDUM DECISION & ORDER GRANTING PLAINTIFF'S MOTION TO DEFER RULING & DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR ATTORNEYS' FEES & LITIGATION COSTS<br><br>Civil No. 2:23-cv-00188-AMA<br><br>District Judge Ann Marie McIff Allen |

This matter comes before the Court on Defendant MobileOne's Motion for Attorneys' Fees and Litigation Costs,[1] as well as on Plaintiff Todd Andra's Motion to Defer Ruling on Defendant's Motion for Attorneys' Fees and Litigation Costs.[2] Based on the parties' briefing and the applicable law, the Court grants Plaintiff's Motion to Defer Ruling and denies without prejudice Defendant's Motion.

## **BACKGROUND**

On September 29, 2025, the Court granted summary judgment in favor of Defendant and against Plaintiff.[3] Plaintiff filed a Notice of Appeal on October 29, 2025.[4]

Defendant filed its Motion for Attorneys' Fees and Litigation Costs, as well as a Bill of

---

[1] ECF No. 124, filed October 14, 2025.
[2] ECF No. 140, filed January 27, 2026.
[3] ECF No. 122.
[4] ECF No. 128.

1

Costs, on October 14, 2025.[5] Plaintiff filed his opposition on November 4, 2025,[6] to which

Defendant replied on November 26, 2025.[7]

On January 27, 2026, Plaintiff filed his Motion to Defer Ruling on Defendant's Motion

for Attorneys' Fees and Litigation Costs.[8] Defendant opposed on February 10, 2026,[9] and

Plaintiff replied on February 24, 2026.[10]

### DISCUSSION

"The law is well settled the district judge retains jurisdiction over the issue of attorneys'

fees even though an appeal on the merits of the case is pending."[11] Nonetheless, a "district judge

is not required to resolve a motion for attorneys' fees or costs before the appeal is completed"[12]

but rather "retains discretion to determine whether it will consider such issues in the face of a

pending appeal."[13] As such, "[i]f an appeal on the merits of the case is taken, the court may rule

on the claim for fees, may defer its ruling on the motion, or may deny the motion without

prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been

resolved."[14] While the parties dispute the typicality of the practice, many district courts have

chosen to exercise their discretion to defer ruling on motions for attorneys' fees and costs or to

---

[5] ECF Nos. 124–25.
[6] ECF No. 132.
[7] ECF No. 139.
[8] ECF No. 140.
[9] ECF No. 141.
[10] ECF No. 143.
[11] *City of Chanute v. Williams Nat. Gas Co.*, 955 F.2d 641, 658 (10th Cir. 1992), *overruled on other grounds by Systemcare, Inc. v. Wang Lab'ys Corp.*, 117 F.3d 1137 (10th Cir. 1997).
[12] *Chung v. Lamb*, No. 14-cv-03244-WYD-KLM, 2019 WL 8060186, at *1 (D. Colo. Apr. 30, 2019).
[13] *Johnson v. Heath*, No. 2:17-cv-00416, 2020 WL 5659105, at *1 (D. Utah Sept. 23, 2020).
[14] Fed. R. Civ. P. 54(d), adv. comm. note to 1993 amendments.

deny the motions without prejudice pending the resolution of an appeal on the merits.[15]

Here, the Court finds that the interests of judicial efficiency and fairness will be best served by waiting for a mandate from the Tenth Circuit before addressing whether to award or deny the requested attorneys' fees and costs. The outcome of Plaintiff's appeal may impact the Court's analysis of the issues presented in Defendant's Motion. If the order on summary judgment is reversed, Defendant will not be entitled to attorneys' fees or costs as the prevailing party. Deferring consideration on these issues "will conserve the resources of both the court and the parties."[16]

---

[15] *See, e.g., Chung*, 2019 WL 8060186, at *3; *Johnson*, 2020 WL 5659105, at *2; *Ewing v. TWA Rest. Grp., Inc.*, No. 08-2024-CM, 2009 WL 976490, at *1 (D. Kan. Apr. 10, 2009) (deferring ruling on attorneys' fees until after resolution of pending appeal); *Aden v. Life Care Ctrs. of Am., Inc.*, No. 05-2286-CM, 2008 WL 4198513, at *1 (D. Kan. Sept. 12, 2008) (same); *Terra Venture Inc. v. JDN Real Estate-Overland Park, L.P.*, No. 02-2593-CM, 2005 WL 2122644, at *1 (D. Kan. Aug. 8, 2005) (same); *Sharif v. Wellness Int'l Network LTD a/k/a WIN*, No. 3:05-cv-01367-B, 2008 WL 2885186, at *1 n.1 (N.D. Tex. July 22, 2008) (noting that district court previously denied defendant's motion for attorneys' fees without prejudice, to be re-filed after final disposition from the Fifth Circuit); *Sunday's Child, LLC v. Irongate Azrep BW LLC*, No. 13-00502-DKW-RLP, 2018 WL 6628938, at *2 (D. Haw. Oct. 4, 2018) ("Because the Motion is predicated on an order that is currently on appeal, the Court and the parties' interests would best be served by waiting for the Ninth Circuit's decision before determining if and/or what amount of attorneys' fees and costs should be awarded."); *Mhany Mgmt. Inc. v. Inc. Vill. of Garden City*, 44 F. Supp. 3d 283, 286–87 (E.D.N.Y. 2014) (deferring ruling on motion for attorneys' fees until after Second Circuit rendered a decision); *Doe ex rel. Doe v. E. Lyme Bd. of Educ.*, No. 3:11-cv-291(JBA), 2014 WL 4370504, at *2–3 (D. Conn. Sept. 2, 2014) (same); *Dulin v. Bd. of Comm'rs of Greenwood Leflore Hosp.*, No. 4:07-cv-194-A-V, 2013 WL 5464689, at *2 (N.D. Miss. Sept. 30, 2013) (collecting cases); *Hetrick v. Ideal Image Dev. Corp.*, No. 8:07-cv-871-T-33TBM, 2009 WL 1788376, at *2 (M.D. Fla. June 22, 2009) (denying motion for attorneys' fees without prejudice).

[16] *Johnson*, 2020 WL 5659105, at *2.

## **ORDER**

Based on the foregoing, the Court rules as follows:

1.     Plaintiff's Motion to Defer Ruling on Defendant's Motion for Attorneys' Fees and Litigation Costs (ECF No. 140) is GRANTED.

2.     Defendant's Motion for Attorneys' Fees and Litigation Costs (ECF No. 124) is DENIED WITHOUT PREJUDICE. Defendant may renew such motion, if not mooted by the Tenth Circuit's resolution of Plaintiff's appeal, no later than 14 days after the date the Tenth Circuit issues a mandate in this case.

DATED this 8th day of June 2026.          BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge